IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br>　　*Plaintiff,*<br><br>v.<br><br>ZTE CORPORATION,<br>　　*Defendant.* | §§§§§§§§§§§ | CASE NO. 6:22-CV-00136-ADA<br>CASE NO. 6:22-CV-00137-ADA<br>CASE NO. 6:22-CV-00138-ADA<br>CASE NO. 6:22-CV-00139-ADA |

**AMENDED ORDER VACATING THE
EARLIER ORDER GRANTING PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE
AND ORDERING SUPPLEMENTAL BRIEFING**

The Court considered Plaintiff's Motion for Leave to Effect Alternative Service on Defendant ZTE Corporation ("ZTE" or "Defendant") under Fed. R. Civ. P. 4(f)(3). Dkt. No. 7.[1] After careful consideration of the briefing (Dkt. Nos. 7, 8, 9) and the applicable law, the Court granted Plaintiff's Motion in its Order Granting Plaintiff's Motion for Alternative Service. *WSOU Invs., LLC v. ZTE Corp.*, 2022 WL 1063613 (W.D. Tex. Apr. 8, 2022), Dkt. No. 14.

Defendant then petitioned for a writ of mandamus. Petition for a Writ of Mandamus, *In re ZTE Corp.*, No. 22-147 (Fed. Cir. May 5, 2022) (hereinafter "Petition"). Plaintiff filed its response to the Petition, and Defendant then filed its reply. After seeing the new arguments and additional authority cited in the Petition, the Court hereby **VACATES** its Order Granting Plaintiff's Motion for Alternative Service. *WSOU Invs., LLC v. ZTE Corp.*, 2022 WL 1063613.

**I. BACKGROUND**

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Plaintiff" or "WSOU") sued ZTE Corporation for patent infringement. Dkt. No. 1. Plaintiff asserts in its

---

[1] All docket numbers herein refer to case 6:22-cv-00136. This motion is filed as Dkt. No. 7 in all four cases.

1

Complaint that ZTE Corporation is a Chinese corporation that does business in Texas, with a principal place of business in Shenzhen, China. Dkt. No. 1 ¶ 3. ZTE (USA) Inc. is a subsidiary of ZTE Corporation, and ZTE (USA) Inc. maintains a registered agent for service at 815 Brazos, Suite 500 in Austin, Texas.  Dkt. No. 7, Ex. B. ZTE Corporation currently is represented by Bradford Schulz and Lionel Lavenue in other pending litigation.  Dkt. No. 7 at 3. Plaintiff seeks an order from the Court permitting alternative service on ZTE Corporation pursuant to Federal Rule of Civil Procedure 4(f)(3).

## II. NEW AUTHORITY

Defendant's original opposition brief makes little effort in opposing Plaintiff's Motion for Leave to Effect Alternative Service. Dkt. No. 8. This twenty-page opposition mostly focuses on reasons why the case should be dismissed. *Id.* at 1-13, 16-20. Defendant decided to dedicate *less than three pages* in subsection IV(A)(3) to oppose Plaintiff's Motion for Leave to Effect Alternative Service. *Id.* at 14-16. These three pages constitute Defendant's entire opposition to Plaintiff's Motion for Leave to Effect Alternative Service.

Defendant's Petition to the Federal Circuit includes *thirty-three* pages of briefing on a single issue presented: whether this Court improperly permitted alternative service. Petition at xii. The Petition cites dozens of new cases and raises new arguments not contained in Defendant's original three-page opposition to Plaintiff's Motion for Leave to Effect Alternative Service. *Compare* Petition at 1-33 (citing dozens of cases), *with* Dkt. No. 8 at 14-16 (citing six cases). Defendant cited even more arguments and authority in its Reply in Support of the Petition.

## III. CONCLUSION

Plaintiff's Motion for Leave to Effect Alternative Service warrants reconsideration because the Court did not address important arguments and authorities missing from Defendant's three-

page opposition. Thus, the Court hereby **VACATES** its Order Granting Plaintiff's Motion for Alternative Service. *WSOU Invs., LLC v. ZTE Corp.*, 2022 WL 1063613.

The Court hereby **ORDERS** the following supplemental briefing:

- Defendant shall file up to 20 pages of a replacement opposition brief to Plaintiff's Motion for Leave to Effect Alternative Service by May 25, 2022. This replacement opposition shall be solely dedicated to including all of Defendant's arguments and authorities about why this Court should not give Plaintiff leave to effect alternative service.

- Plaintiff shall file up to 20 pages of a replacement reply to the opposition to Plaintiff's Motion for Leave to Effect Alternative Service by June 8, 2022.

Additionally, Defendant's Motion to Dismiss Complaint for Improper Service (Dkt. No. 8) is hereby **DENIED WITHOUT PREJUDICE**, with leave to refile after the Court rules on Plaintiff's Motion for Alternative Service.

SIGNED this 18th day of May, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE